**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| EAB GLOBAL, INC., <br><br> 2445 M Street, NW <br> Washington, D.C. 20037, <br><br>        Plaintiff, <br><br>    v. <br><br> TOUGALOO COLLEGE, <br><br> 500 West County Line Rd., <br> Tougaloo, Mississippi 39174, <br><br>        Defendant. | Case No.  1:25-CV-4080 <br><br><br> **Jury Trial Demanded** |

**COMPLAINT**

COMES NOW Plaintiff EAB Global, Inc.  ("EAB" or "Plaintiff") and, for its Complaint against Defendant Tougaloo College ("Tougaloo" or "Defendant") (collectively, the "Parties"), states as follows:

**PARTIES**

1. EAB is a provider of data-driven technology and marketing and enrollment programs and is incorporated under the laws of the State of Delaware, with a principal place of business in the District of Columbia at 2445 M St. NW, Washington, DC 20037.

2. EAB is therefore a citizen of Delaware and the District of Columbia.

3. Upon information and belief, Tougaloo is a college incorporated as a Non-Profit Corporation in the State of Mississippi, with a principal place of business at 500 West County Line Rd., Tougaloo, Mississippi 39174.

4. Tougaloo is therefore a citizen of Mississippi.

**JURISDICTION AND VENUE**

5. Plaintiff incorporates by reference each and every allegation contained in each paragraph above.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is between a citizen of Mississippi and a citizen of both Delaware and District of Columbia.

7. This Court has personal jurisdiction over Tougaloo by virtue of the Parties' consent to jurisdiction in this Court. *See* **Ex. 1** (EAB Master Agreement), ¶ 12(e).

8. Further, venue is proper in this Court because Tougaloo failed to remit payment to EAB in the District of Columbia, Tougaloo—by virtue of its consent to personal jurisdiction— resides in this District under 28 U.S.C. § 1391(c)(2), and pursuant to the Parties' agreements, Tougaloo selected this venue when it "irrevocably consent[ed] and submit[ted] to the exclusive jurisdiction of the state and federal courts situated in the District of Columbia." ***Id*; 28 U.S.C. § 1391(b)(2), (c)(2).**

**STATEMENT OF FACTS AND ALLEGATIONS**

9. EAB incorporates by reference each and every allegation contained in the above paragraphs.

**Enroll360 Program Order Form**

10. On or about April 19, 2023, Tougaloo entered into a Program Order Form agreement with EAB to obtain certain marketing and enrollment services related to EAB's Enroll360 program (the "Enroll360 Agreement"). A true and correct copy of the Enroll360 Agreement is attached as **Exhibit 2**.

11. The Enroll360 Agreement was made pursuant to the EAB Master Agreement,

2

which was incorporated by reference into the Enroll360 Agreement and is attached as **Exhibit 1**. References herein to the Enroll360 Agreement shall include the EAB Master Agreement.

12.      The Enroll360 Agreement contemplated an approximately two-year term, from July 1, 2023 to June 30, 2025, in which Tougaloo agreed to pay a total of $723,439.33, plus postage costs, media costs, list costs, and additional supplemental fees.

13.      Pursuant to the Enroll360 Agreement, Tougaloo and EAB agreed that Tougaloo would pay EAB for the Enroll360 marketing and enrollment services based on invoices that EAB submitted to Tougaloo. **Ex. 2** ("Invoicing").

**14.**      Payment was due within 30 days of the date of the invoices. *Id.***; Ex. 1, ¶ 1 ("Fees and Payment").**

15.      Tougaloo paid previous invoices issued by EAB under the Enroll 360 Agreement, but—despite repeated efforts from EAB to collect the unpaid balances—has refused to pay $388,240.73 owed pursuant to Invoice Nos. SIN261458 and INV901448.

<u>**Navigate Program Order From**</u>

16.      On or about September 22, 2023, Tougaloo entered into a Program Order Form agreement with EAB to obtain certain software services related to EAB's Navigate program ("Navigate Agreement"). A true and correct copy of the Navigate Agreement is attached as **Exhibit 3**.

17.      The Navigate Agreement was also made pursuant to the EAB Master Agreement, which was incorporated by reference into the Navigate Agreement. **Ex. 1**. References herein to the Navigate Agreement shall include the EAB Master Agreement.

18.      The Navigate Agreement contemplated an approximately five-year term, from September 30, 2023 to September 29, 2028.

19.     Pursuant to the Navigate Agreement, Tougaloo and EAB agreed that Tougaloo would pay EAB for the Navigate software services based on invoices that EAB submitted to Tougaloo. **Ex. 3** ("Invoicing").

20.     Payment was due within 30 days of the date of the invoices. *Id.***; Ex. 1, ¶ 1 ("Fees and Payment").**

21.     Tougaloo paid previous invoices issued by EAB under the Navigate Agreement, but—despite repeated efforts from EAB to collect the unpaid balances—Tougaloo has refused to pay $47,740.50 owed pursuant to Invoice No. SIN264289.

### The Agreements' Terms and Tougaloo's Failure to Pay

22.     The Enroll360 Agreement and Navigate Agreement, each made pursuant to the EAB Master Agreement (collectively, the "Agreements"), require that Tougaloo pay EAB specified fees upon invoices issued by EAB for the agreed upon software and marketing and enrollment services.

23.     Pursuant to the Agreements, EAB provided the contracted-for software, marketing and enrollment services and timely issued invoices to Tougaloo.

24.     The Agreements required Tougaloo to remit full payment within 30 days of receipt. **Ex. 1**, ¶ 1 ("Fees and Payment"). The Agreements further state that overdue payments are subject to a late payment charge, compounded monthly, at the rate of the lesser of one percent (1%) per month or the maximum amount permitted by law. *Id.*

25.     EAB fully performed its contractual obligations to Tougaloo.

26.     Tougaloo failed to fully pay EAB for the software and marketing and enrollment services provided.

27.     As a result of Tougaloo's failure to make payments to EAB for the software,

4

marketing and enrollment services rendered, Tougaloo owes EAB a principal balance of $435,981.23, plus late fees, interest, and collection costs, as specified in the Agreements and as available under applicable law. *Id.*

28. Despite multiple demands for payment by EAB, Tougaloo has refused to pay the amounts due and owing.

## COUNT I – BREACH OF CONTRACT

29. EAB incorporates by reference each and every allegation contained in the above paragraphs.

30. Through the Agreements, EAB and Tougaloo executed valid, binding, and enforceable contracts for the provision of software and marketing and enrollment services.

31. EAB offered to provide software and marking and enrollment services in exchange for payment from Tougaloo.

32. Tougaloo accepted and agreed to pay EAB for the software and marketing and enrollment services it received.

33. Tougaloo accepted the software and marketing and enrollment services EAB provided.

34. EAB issued and sent invoices to Tougaloo for the software and marketing and enrollment services provided.

35. All other conditions precedent to EAB's claim for relief have been performed, have occurred, or have been waived.

36. Invoices sent to Tougaloo were due and payable within thirty (30) days from receipt. **Ex. 1**, ¶ 1 ("Fees and Payment").

37. The invoices that EAB submitted to Tougaloo were presumed to be accurate and

fully payable on the terms contained therein unless disputed by Tougaloo within ten (10) business days of receipt of the invoices. **Ex. 1**, ¶ 2 ("Disputed Fees").

38.    Tougaloo did not dispute these invoices within ten (10) business days of receipt.

39.    Pursuant to the Agreements, overdue payments are subject to a late payment charge, compounded monthly, of the lesser of one percent (1%) per month or the maximum amount permitted by law. **Ex. 1**, ¶ 1 ("Fees and Payment").

40.    The Agreements further state that in the event Tougaloo fails to pay undisputed amounts owed, EAB may, without limiting its rights or remedies, suspend all services until such amounts are paid in full. **Ex. 1**, ¶ 1 ("Fees and Payment").

41.    EAB fully performed its obligations under the Agreements by providing the software and marketing and enrollment services specified in the Agreements.

42.    Despite multiple demands for payment, Tougaloo has failed to remit payment in full for the software and marketing and enrollment services provided by EAB or otherwise dispute the amounts owed.  Accordingly, Tougaloo has materially breached the Agreements.

43.    As a result of Tougaloo's breach of contract, EAB has suffered damages of no less than $435,981.23 and is owed principal, interest, late fees, and collection costs, which continue to accrue until this matter concludes.

WHEREFORE, EAB seeks a judgment against Tougaloo in an amount not less than $435,981.23 in compensatory damages, plus late fees, collection costs, pre-judgment/post-judgment interest, and such other and further relief as the Court deems appropriate and just.

## COUNT II – UNJUST ENRICHMENT

44.    EAB incorporates by reference each and every allegation contained in the above paragraphs.

6

45.     In the alternative to the claim for breach of contract, Tougaloo is liable to EAB for unjust enrichment.

46.     At all relevant times herein, EAB conferred a benefit on Tougaloo in the form of valuable software and marketing and enrollment services.

47.     Tougaloo voluntarily accepted, retained, and appreciated the benefit of the software and marketing and enrollment services that EAB provided.

48.     EAB enriched Tougaloo by providing these software and marketing and enrollment services.

49.     Tougaloo understood that EAB expected payment for the software and marketing and enrollment services provided, which is further evidenced by the fact that Tougaloo previously paid invoices for software and marketing and enrollment services that EAB rendered under the Agreements.

50.     The value of the unreimbursed software and marketing and enrollment services that EAB rendered to Tougaloo is no less than $435,981.23.

51.     Tougaloo has not paid the amount owed and, therefore, continues to owe EAB for unreimbursed software and marketing and enrollment services provided.

52.     Tougaloo's retention of benefits conferred under these circumstances for the software and marketing and enrollment services rendered violates fundamental principles of justice, equity, and good conscience; these circumstances render Tougaloo's acceptance of the benefits inequitable unless Tougaloo pays EAB for the value of the benefits it received.

WHEREFORE, EAB seeks judgment against Tougaloo in an amount not less than $435,981.23 in compensatory damages, plus late fees, collection costs, pre-judgment/post-judgment interest, and such other and further relief as the Court deems appropriate and just.

7

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiff EAB Global, Inc. respectfully requests a trial by jury on all matters herein.


Dated: November 20, 2025

Respectfully submitted,

EAB GLOBAL, INC.

By: _/s/ Caitlin R. Convery_
Caitlin R. Convery, Bar No. 1047624
SHOOK, HARDY & BACON, LLP
1800 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone: (202) 639-5603
Facsimile: (202) 783-4211
Email: cconvery@shb.com

*Attorney for Plaintiff EAB Global, Inc.*